UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOLA LUCIO,

    Plaintiff,

v.

POULA INVESTMENT, LLC,

    Defendant.
_____/

Case No. 22-11031

Honorable Sean F. Cox
United States District Court Judge

## ORDER DENYING PLAINTIFF'S AND DEFENDANT'S CROSS-MOTIONS FOR SUMMARY JUDGMENT

This is a disability discrimination case brought under the Americans with Disabilities Act ("ADA"). Plaintiff Lola Lucio ("Lucio") claims that she is disabled and that a local shop, called Seven Lakes Party Store ("Seven Lakes"), contains multiple physical features that make it difficult for her to access the store because of her disability.

Lucio filed suit against the owner of Seven Lakes, Defendant Poula Investment, LLC ("Poula"), alleging the Seven Lakes Property contains multiple physical features that violate the ADA accessibility guidelines ("ADAAG"), which constitutes disability discrimination under the Act. Lucio seeks an injunction requiring Poula to remodel Seven Lakes in compliance with the ADAAG.

This matter is before the Court on Lucio's and Poula's cross-motions for summary judgment. (ECF Nos. 16 & 17). The motions have been fully briefed and are set for hearing on March 16, 2023, at 3 p.m. For the reasons set forth below, the Court **DENIES** both motions.

1

Poula's Motion is denied because Lucio is disabled and because she has produced sufficient evidence that she suffered an "injury in fact" to reserve the issue of standing for trial. Lucio's Motion is denied because there is a dispute of fact whether the removal of architectural barriers at Seven Lakes is readily achievable—a necessary element of a disability discrimination claim.

## BACKGROUND

**A. Procedural Background**

On May 13, 2022, Lucio filed a complaint against Defendant, Poula investment LLC. (ECF No. 1). Count 1 of her complaint alleges Poula is liable for disability discrimination under Title III of the ADA, 42 U.S.C. §§ 12182–12189, because the Seven Lakes Property it owns presents multiple "architectural barriers" that violate the ADAAG. (ECF No. 1 at 3). Count 2 of her complaint alleges Seven Lakes does not comply with an analogous state law, the Michigan Persons with Disabilities Civil Rights Act ("PWDCRA").[1] Mich. Comp. L. § 37.1302; (ECF No. 1 at 7).

On January 2, 2023, Lucio filed a motion for summary judgment. (ECF No. 16). Lucio claims she is entitled to judgment on the issue of ADA liability. (ECF No. 16 at 10). On January

---

[1] The PWDCRA "'substantially mirrors the ADA, and resolution of a plaintiff's ADA claim will generally, though not always, resolve the plaintiff's PWDCRA claim.'" *Mote v. City of Chelsea*, 284 F. Supp. 3d 863, 875 (E.D. Mich. 2018) (citing *Donald v. Sybra, Inc.*, 667 F.3d 757, 764 (6th Cir. 2012). Further, both parties treat the PWDCRA as interchangeable with the ADA. The Parties' summary judgment motions, responses, and replies, contain no mention of the PWDCRA. (*See* ECF Nos. 16, 17, 21, 23). Accordingly, this Opinion will not distinguish between the ADA and the PWDCRA.

4, 2023, Poula filed a cross-motion for summary judgment, claiming that Lucio does not have standing to bring her claim and that she is not "disabled" under the ADA. (ECF No. 17).

With respect to summary judgment motions, this Court's practice guidelines are included in the Scheduling Order and provide, consistent with Fed. R. Civ. P. 56 (c) and (e), that:

> a. The moving party's papers shall include a separate document entitled Statement of Material Facts Not in Dispute. The statement shall list in separately numbered paragraphs concise statements of each undisputed material fact, supported by appropriate citations to the record. . .
>
> b. In response, the opposing party shall file a separate document entitled Counter-Statement of Disputed Facts. The Counter-Statement shall list in separately numbered paragraphs following the order or the movant's statement, whether each of the facts asserted by the moving party is admitted or denied and shall also be supported by appropriate citations to the record. The Counter-Statement shall also include, in a separate section, a list of each issue of material fact as to which it is contended there is a genuine issue for trial.
>
> c. All material facts as set forth in the Statement of Material Facts Not in Dispute shall be deemed admitted unless controverted in the Counter-Statement of Disputed Facts.

(ECF No. 12 at 4).

Although not filed as a separate document, Poula's Motion contains a statement of material facts not in dispute. (ECF No. 17 at 5). Lucio's response brief contains a counter-statement. (ECF No. 21 at 1). With respect to Lucio's Motion, she filed a separate statement of material facts not in dispute (ECF No. 22) and Poula filed a corresponding counter-statement (ECF No. 23).

### B. Factual Background—Poula Investment's Motion

Lucio is a resident of Genesee County, Michigan. (ECF No. 17 at 5). Lucio claims that she is disabled because she suffers from peripheral neuropathy and degenerative disc disease. (ECF No. 21-1 ¶ 4, 5). Lucio's medical record indicates she has had multiple back surgeries,

which cause her persistent pain and force her to ambulate with a cane. (ECF No. 17-4 at PageID 219-223).[2]

Seven Lakes is a convenience store located in Genesee County near Lucio's home. (ECF No. 17 at 5). Seven Lakes is owned by Poula. *Id*.

The structure housing Seven Lakes was built in 1972. *Id*. From 2006, when Poula acquired Seven Lakes, until July 2022, Poula made no changes to the design, layout, construction or planning of Seven Lakes. (ECF No. 21 at 1).

Lucio has visited Seven Lakes several times, including once on October 13, 2021. (ECF No. 17 at 6). Lucio claims that, as a disabled person, she encounters "extreme difficulty" when visiting Seven Lakes because of physical features that do not comply with the ADAAG. (*See* ECF No. 21-1 at ¶ 8, 11).

Specifically, Lucio alleges the following features of Seven Lakes do not comply with the ADAAG:

> a. There is no designated accessible parking for a disabled individual to utilize.
>
> b. There is an extremely excessive slope leading to the front door entrance that creates a dangerous condition for a disabled individual.
>
> c. There is no accessible travel route from the parking area to the entrance of the property for a disabled individual to gain access to the property.
>
> d. There is a large step from the parking area to the sidewalk that makes it inaccessible to a disabled individual.
>
> e. There is no ramp leading from the parking area to the sidewalk for a disabled individual to utilize.
>
> f. Sidewalk access is restricted and too narrow for a disabled individual to utilize due to ice machines and other items impeding travel.

---

[2] In both motions, the parties dispute whether Lucio's medical ailments are sufficient to classify her as disabled under the ADA. (*See* ECF No. 17 at 23): (ECF No. 23 ¶ 2).

    g. The parking lot is in disrepair and creates a dangerous situation for a disabled individual.

(ECF No. 1 at 4).

  Prior to summary judgment, Poula attempted to remedy the deficiencies identified by Lucio. On July 16, 2022, Poula hired a contractor to patch asphalt in the parking lot at Seven Lakes. (ECF No. 17 at 7). On July 27, 2022, Poula hired a contractor to further repair the Seven Lakes parking lot. *Id*. Repairs included: "repairing cracks in the concrete, installing new concrete ramps at the door entrance and painting parking lot stripes." *Id*. at 7-8.

  Lucio acknowledges that Poula performed all repairs listed above, but disputes that the repairs comply with the ADAAG. (ECF No. 21 at 2). In fact, Lucio claims the repairs made the property less accessible. (ECF No. 21-1 ¶ 9). After the repairs, Lucio still seeks an injunction forcing Poula to alter the Seven Lakes Property so that it complies with the ADAAG. (ECF No. 1 ¶ 26).

  **C. Factual Background—Lucio's Motion**

  Lucio's Statement of Material Facts Not in Dispute closely follows that from Poula's Motion. Therefore, the Court will not repeat what it stated above. Any information unique to Lucio's Motion will be identified and discussed in the analysis section.

## STANDARD OF DECISION

  Summary judgment will be granted where there exists no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). No genuine issue of material fact exists where "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elect. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "The mere existence of a scintilla of evidence in support of the [non-moving party]'s position will be insufficient; there must be evidence on which the jury could reasonably find for

the [non-moving party]." *Anderson*, 477 U.S. at 252. The Court "must view the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the non-moving party." *Skousen v. Brighton High Sch.*, 305 F.3d 520, 526 (6th Cir. 2002).

Further, "[i]t is an error for the district court to resolve credibility issues against the nonmovant . . .." *CenTra, Inc. v. Estrin*, 538 F.3d 402, 412 (6th Cir. 2008). "In effect, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true . . .." *Id.* (quoting *Ctr. for Bio–Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 820 (6th Cir. 2007)).

The fact that the parties have filed cross motions for summary judgment does not automatically justify the conclusion that there are no facts in dispute. *Parks v. LaFace Records,* 329 F.3d 437, 444 (6th Cir. 2003). Instead, the Court must apply the well-recognized summary judgment standards when deciding such cross motions: the Court "must evaluate each motion on its own merits and view all facts and inferences in the light most favorable to the nonmoving party." *Westfield Ins. Co. v. Tech Dry, Inc.,* 336 F.3d 503, 506 (6th Cir. 2003).

**ANALYSIS**

Lucio claims she is entitled to summary judgment on the merits of her claim. That is, that Poula is liable for disability discrimination because Seven Lakes is non-compliant with the ADAAG. (*See* ECF No. 16 at 8-20).

Poula on the other hand, argues it is entitled to summary judgment because Lucio does not have standing to bring her claim and because she is not disabled. (ECF No. 17 at 10, 23). Since Poula's Motion contains a preliminary question, the Court will analyze it first.

6

### A. Poula's Motion for Summary Judgment

Poula argues Lucio does not have standing to bring her claim because she did not *personally* encounter any architectural barriers to accessibility at the Seven Lakes Property. (*See* ECF No. 17 10-23). Poula also argues that Plaintiff is not "disabled" in the eyes of the ADA, so she is not eligible to bring her claim. *Id*. at 23-25. The Court will address each argument in turn.

#### 1. Standing

Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy. The doctrine developed to ensure that federal courts do not exceed their authority as it has been traditionally understood. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

A party pursuing a claim in federal court must have standing. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). A lack of standing deprives a court of jurisdiction to hear the merits of a claim. *Ward v. Alternative Health Delivery Systems, Inc.*, 261 F.3d 624, 626 (6th Cir. 2001).

To have standing to sue in federal court, a plaintiff must show that: 1) he "suffered an 'injury in fact'"; 2) there is "a causal connection between the injury and the conduct complained of"; and 3) it is likely that his injury will be redressed by the court's decision in his favor. *Id*. at, 560–61.

Standing must be "supported in the same way as any other matter on which the plaintiff bears the burden of proof…" *Id*. at 561. At summary judgment, the plaintiff can no longer rest on "mere allegations," but must "set forth" by affidavit or other evidence "specific facts," Fed. Rule Civ. P. 56(e), which for purposes of the summary judgment motion will be taken to be true. *Lujan*, 504 U.S. at 561.

Poula's sole argument is that no reasonable jury could find Lucio suffered an injury in fact. (*See* ECF No. 17 at 14). Therefore, the Court will focus on that element.

An injury in fact is an invasion of a legally protected interest that is concrete and particularized and actual or imminent. *Lujan*, 504 U.S at 560. For an injury to be concrete, it must actually exist. *Spokeo*, 578 U.S. at 340. For an injury to be particularized, it "must affect the plaintiff in a personal and individual way." *Id*. at 339.

Poula focuses its argument on the particularization prong—it does not claim that Lucio's alleged injuries are not concrete. (*See* ECF No. 17 at 14-19). Therefore, the Court will treat the concrete prong of the "injury in fact" element as satisfied.

Whether Lucio's injury is particularized is a close question. For a plaintiff to show an injury is particularized in the ADA context, the plaintiff must show they are disabled, that they encountered an ADA violation, and that the violation they encountered was the reason they were denied equal enjoyment. *See Brintley v. Aeroquip Credit Union*, 936 F.3d 489, 494 (6th Cir. 2019); *Cohan v. MGM Hosp., Inc.*, No. 20-CV-10981, 2022 WL 868420, at *1 (E.D. Mich. Mar. 23, 2022), *appeal dismissed*, No. 22-1352, 2022 WL 14660328 (6th Cir. Aug. 24, 2022).

For example, in *Mosley v. Kohl's Dep't Stores, Inc.*, 942 F.3d 752 (6th Cir. 2019), a man in a wheelchair sued a department store alleging disability discrimination under Title III of the ADA. *Id*. at 756. The man alleged that he encountered architectural barriers in the store's bathroom that did not comply with the ADAAG and made it difficult for him to use the restroom. *Id*. at 757. The store moved to dismiss the man's complaint for lack of standing. *Id*.

The Sixth Circuit held the man's injuries were sufficiently concrete and particularized to satisfy the "injury in fact" element of standing. *Id*. The court found the element was satisfied because the man was disabled—he used a wheelchair—he identified architectural barriers at the defendant's store that did not comply with the ADAAG, and those architectural barriers were the reason the man was denied equal enjoyment of the store. *Id*.

8

On the contrary, in *Brintley*, an internet user sued two credit unions under the ADA, claiming they failed to make their websites accessible to blind individuals. *Brintley*, 936 f.3d at 491. As a blind person, the user was disabled under the ADA. Further, the credit unions' websites did not support screen reader software used by some blind people to navigate the internet. *Id*. Nonetheless, the Sixth Circuit held that the internet user did not have standing to bring a claim because she did not suffer a particularized injury. *Id*. at 491-92.

The Sixth Circuit found the internet user did not suffer a particularized injury because, even if the site supported screen readers, a state law prevented her from using any of the credit unions' financial services. *Id*. at 492. In other words, even though the internet user was disabled, and the credit unions' websites violated ADA regulations, the violations were not the reason the internet user was denied equal enjoyment—intervening state law was.

*Cohan* provides another example of when an injury is not particularized. In *Cohan*, a citizen sought declaratory and injunctive relief from a restaurant under Title III of the ADA. *Cohan*, No. 20-CV-10981, 2022 WL 868420, at *1. The citizen was disabled—he suffered from multiple knee and back injuries that inhibited his mobility "requiring him to occasionally use mobility aids…." *Id*. The citizen also identified multiple "architectural barriers" in the restaurant's bathroom that violated ADA regulations. *Id*. at 3.

Nonetheless, the court held the citizen did not have standing to sue because the alleged injuries were not particularized. *Id*. The court explained that even though the restaurant was not ADA compliant, and the citizen was disabled, the restaurant's deficiencies did not prevent the citizen's equal enjoyment of the property. *Id*. at 2. The court made its determination because the citizen visited the restaurant alone and was able to enter and exit the premises without aid. *Id*.

9

Poula contends that Lucio's claim follows the same pattern as *Brintley* and *Cohan*. (ECF No. 17 at 18-21). In other words, Poula argues that even if Lucio is a person with an ADA disability, and even if she identified violations of ADA regulations, she nonetheless does not have standing to sue because the violations did not personally impact her.

In support of its argument, Poula points to Lucio's answers to its interrogatories. (*See* ECF No. 17 at 16). Lucio's interrogatory answers indicate she can shop at Seven Lakes without assistance. Specifically, Lucio's interrogatory answers state that when she visits Seven Lakes, she does so alone, she does not need assistance from employees, and she is able to access and purchase goods from Seven Lakes. (*See* ECF No. 17-3 ¶¶ 2, 4, 6, 7, 10, 11, 16).

Poula submits that if Lucio can shop at Seven Lakes without assistance then she does not have standing because, like in *Cohan* and *Brintley*, the alleged ADA violations at Seven Lakes do not *personally* prevent Lucio's equal enjoyment of the property. (*See* ECF No. 17 at 17-20).

Poula's argument is incomplete. Lucio has produced sufficient evidence of a particularized "injury in fact" to distinguish her case from *Cohan* and *Brintley*.

First, as will be discussed in the next section, the Court finds that Lucio is disabled under the ADA. (*See* ECF No. 17-4 PageID 219-23).

Second, Lucio has identified multiple ways in which a trier of fact could find the Seven Lakes Property fails to comply with ADA regulations. (*See* ECF No. 16-2).

Third, the factual record in this case is unlike in *Brintley* and *Cohan* because Lucio's affidavit suggests that architectural barriers inhibit Lucio's equal enjoyment of Seven Lakes. Lucio's affidavit states that even though she has successfully purchased goods at Seven Lakes in the past, she has "extreme difficulty" accessing the property because of physical features that do not comply with the ADAAG. *Id*. (*See* ECF No. 21-1).

The Court notes that Lucio's affidavit appears to contradict her answers to Poula's interrogatories—which suggest that the ADA violations at Seven Lakes do not impact her equal enjoyment of the property. (*See* ECF No. 17-3 at ¶ 2, 4, 5, 6, 7, 11, 16). However, there is room for both Lucio's affidavit and her interrogatory answers to be true.

Lucio's single-sentence answers to pointed interrogatory questions do not paint a full picture of her experience when shopping at Seven Lakes. Further, Poula chose not to depose Lucio, which would have helped to elucidate Lucio's entire experience when shopping at Seven Lakes.

Since Lucio was not deposed, her affidavit is the only opportunity she was given to present her side of the story. It is possible that Lucio can shop at Seven Lakes without assistance, as she indicated in her answers to interrogatories, but nonetheless encounters extreme difficulty in doing so.

Regardless, at this time, inconsistencies between Lucio's affidavit and interrogatory answers are immaterial. The facts from Lucio's affidavit must be taken as true at summary judgment. *Lujan*, 504 U.S. at 561. Therefore, the Court finds Lucio has produced enough evidence that a reasonable jury could find that she is disabled, that Seven Lakes has physical features in violation of ADA regulations, and that those violations inhibit her equal enjoyment of Seven Lakes. In other words, Lucio has produced sufficient evidence of a concrete and particularized injury to survive summary judgment.

Lastly, even though Lucio has done enough to survive summary judgment, the standing issue is not settled. At trial, Lucio's affidavit will not be taken as true, and Poula may attack Lucio's claim that her alleged injury is particularized to her. *See Lujan*, 504 U.S. at 561 (stating

that if facts granting standing are controverted, those facts must be adequately supported by the evidence presented at trial).

### 2. Lucio's Disability

Poula also argues that Lucio's claim should be dismissed because Lucio has presented insufficient evidence that she is disabled under the ADA. (ECF No. 17 at 23). The Court finds that Lucio is disabled.

The ADA defines disability as an individual with: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1).

Major life activities are defined to include, "but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A).

Therefore, for Lucio to show she is disabled she must show either: 1) that she cannot perform a major life activity that an average person can perform; or 2) that her performance of a major life activity is significantly restricted in the condition, manner, or duration when compared to an average person. *See* 29 C.F.R. § 1630.2(j)(1); *Boerst v. Gen. Mills Operations, Inc.*, 25 F. App'x 403, 407 (6th Cir. 2002).

Lastly, Lucio must support her claim of disability with medical evidence. *See Neely v. Benchmark Fam. Servs.*, 640 F. App'x 429, 433 (6th Cir. 2016).

Lucio claims she is disabled because her degenerative disk disease inhibits her ability to walk. (*See* ECF No. 21 at 13); 42 U.S.C. § 12102(2)(A). Lucio states her disk disease "causes great pain in my back and legs and severely limits the time I can walk by a great amount." (ECF

No. 21-1 ¶ 4). Lucio also states that she is "unable to walk long distances without resting quite often." *Id*.

To support her claim, Lucio produced a mere five pages of medical records from two 2015 provider visit. (ECF No. 17-4, PageID 219-223). The records indicate that Lucio has had multiple surgeries and suffers from ongoing back pain. *Id*. at PageID 219. The records also state that Lucio is "able to ambulate with a cane, [and] independent with most of the [activities of daily living]." *Id*. at PageId 222.

This small record is sufficient to find Lucio disabled. In 2008, the ADA was amended "[t]o restore the intent and protections of the Americans with Disabilities Act of 1990." ADA Amendments Act of 2008, PL 110–325, September 25, 2008, 122 Stat 355. The Amendments Act states that the definition of disability shall be construed "in favor of broad coverage of individuals under this act, to the maximum extent permitted by the terms of this Act." *Id.* at 122 Stat 3553.

In 2008, § 121024(E)(i) was also added to the ADA and reads "[T]he determination of whether an impairment substantially limits a major life activity shall be made without regard to the ameliorative effects of mitigating measures such as— (I) medication, medical supplies, equipment…." Therefore, Lucio's use of a cane to help her walk is not a factor this Court may consider when determining if she is disabled.

When accounting for the ADA's intent for broad coverage, and when factoring out Lucio's cane usage, it is clear she is disabled under the ADA. Lucio's ability to perform a major life activity, walking, is significantly restricted in condition, manner, and duration when compared to an average person. *See* 29 C.F.R. § 1630.2(j)(1); *Boerst*, 25 F. App'x at 407.

13

In sum, the Court finds that Lucio is disabled under the ADA, and that she has produced sufficient evidence of an injury in fact for the Court to find she has standing. Therefore, Poula's Motion for Summary Judgment (ECF No. 17) is denied.

**B. Lucio's Motion for Summary Judgment**

Lucio argues she is entitled to summary judgment on the issue of liability under the ADA, thus entitling her to an injunction. (ECF No. 16 at 8). Lucio's Motion is also denied.

Lucio's Motion is broken into four subparts. Lucio claims there is no dispute of fact that Poula is liable for an ADA violation because: 1) The ADA applies because Seven Lakes is a place of public accommodation (ECF No. 16 at 10); 2) Poula owns Seven Lakes, making it the entity liable for ADA violations at Seven Lakes (*Id*. at 11); 3) Lucio has standing to bring this claim (*Id*. at 12); and 4) Poula has failed to comply with the ADAAG. (*Id*. at 14).

Parts one and two are not at issue, the ADA applies. 42 U.S.C. § 12182 prohibits owners and operators from discriminating based on disability in places of public accommodation. Poula admits that it owns Seven Lakes, and that Seven Lakes is a place of public accommodation. (ECF No. 18 ¶ 2).

The Court also need not discuss part three in this section. The Parties' standing arguments concerning Lucio's Motion are nearly identical to those discussed above with respect to Poula's Motion. As the Court found above, Lucio has produced sufficient evidence of an "injury in fact" to survive summary judgment on the standing issue.

The Court need only analyze part four of Lucio's Motion—whether Poula is liable for disability discrimination under the ADA.

Title III of the ADA, 42 U.S.C. §§ 12182–12189, prohibits discrimination based on disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages

14

or accommodations of any place of public accommodation. *Parker v. Metro. Life Ins. Co.*, 121 F.3d 1006, 1008 (6th Cir. 1997).

42 U.S.C. § 12182(b)(2)(A)(iv) states that disability discrimination includes "a failure to remove architectural barriers…where such removal is readily achievable." The remedy for violations of § 12182(b)(2)(A)(iv) is an injunction, including a court order to alter facilities and to make them readily accessible. 42 U.S.C. §12188(a)(2).

Lucio argues Poula is in violation of the ADA because, based on the 2010 ADAAG, the Seven Lakes Property contains architectural barriers (ECF No. 16 at 14-16) and removal of those barriers is readily achievable. (ECF No. 16 at 16-20).

Poula contends that the 1991 version of the ADAAG should govern whether Seven Lakes contains architectural barriers (ECF No. 18 at 18-20), and that it is not liable for disability discrimination because removal of any alleged architectural barriers is not readily achievable. (ECF No. 18 at 20-24).

The Parties' arguments on ADA liability raise three issues. First, the Court must determine the appropriate guidelines to use when deciding if Seven Lakes contains architectural barriers. Second, using the correct standard, the Court must determine whether Seven Lakes contains architectural barriers. Third, if there are architectural barriers, the Court must determine if removal of those barriers is readily achievable.

  **1. The Proper ADAAG Standard**

There are two versions of the ADAAG currently in use—a 1991 version and a 2010 version. *See* 28 C.F.R.§ 36.406. Which version of the ADAAG applies depends on when a building was constructed or last altered. *See Id*.

Here, the 2010 standard will govern. 28 C.F.R. § 36.304 imposes a continuing obligation on places of public accommodations to remove architectural barriers when readily achievable. 28 C.F.R. § 36.304(d)(2)(ii)(B) further states that:

> On or after March 15, 2012, elements in existing facilities that do not comply with the corresponding technical and scoping specifications for those elements in the 1991 Standards must be modified to the extent readily achievable to comply with the requirements set forth in the 2010 Standards. Noncomplying newly constructed and altered elements may also be subject to the requirements of § 36.406(a)(5).

Poula does not claim that Seven Lakes complied with the 1991 standards on or after March 15, 2012. Therefore, the 2010 ADAAG will dictate what, if any, physical features of Seven Lakes constitute architectural barriers in violation of the ADA.

### 2. Evidence of Architectural Barriers

Using the 2010 ADAAG as a guide, Lucio has produced sufficient evidence that Seven Lakes contains architectural barriers to warrant summary judgment. Lucio offered an affidavit and inspection report from Savannah Moore, a consultant who specializes in ADAAG compliance. (ECF No. 16-2 at 1).

Using the 2010 Standards, Moore's report identified a laundry list of architectural barriers at the Seven Lakes Property. (*See* ECF No. 16-2 at PageID 84-100). Importantly, Moore inspected Seven Lakes on October 10, 2022, which is after Poula completed improvements to the Property. (*See* ECF No. 17 at 22-23).

Poula does not oppose the findings in Moore's report. Rather, Poula argues that "… Ms. Moore is not qualified to opine as to whether modification or removal of the alleged barriers on Defendant's premises are readily achievable." (ECF No. 18 at 22).

Poula's argument is misguided. While Moore may not opine on a legal conclusion, she may draw on her expertise in ADAAG compliance to opine that Seven Lakes contains

16

architectural barriers and she may also estimate the cost of removing those barriers. *See* Fed. R. Evid. 702. Since Moore's opinion as to the *existence* of architectural barriers that violate the ADAAG is uncontested, the Court will accept her findings as true for purposes of this Motion.

### 3. Removal of Architectural Barriers

Lastly, having found that ADAAG architectural barriers exist at the Seven Lakes Property, the Court must determine if removal of those barriers is readily achievable. The Court finds a triable issue of facts exists as to whether the removal of the architectural barriers at Seven Lakes is readily achievable.

A modification is "readily achievable" when it is "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9). When determining if a modification is readily achievable a court should consider the following factors:

> (A) the nature and cost of the action needed under this chapter;
>
> (B) the overall financial resources of the facility or facilities involved in the action; the number of persons employed at such facility; the effect on expenses and resources, or the impact otherwise of such action upon the operation of the facility;
>
> (C) the overall financial resources of the covered entity; the overall size of the business of a covered entity with respect to the number of its employees; the number, type, and location of its facilities; and
>
> (D) the type of operation or operations of the covered entity, including the composition, structure, and functions of the workforce of such entity; the geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity.

42 U.S.C. § 12181(9).

Determining "whether a specific change is readily achievable 'is a fact intensive inquiry that will rarely be decided on summary judgment.'" *D'Lil v. Stardust Vacation Club,* No. CIV-S-00-1496 DFL PAN, 2001 U.S. Dist. LEXIS 23309, at *17 (E.D. Cal. Dec.20, 2001) (quoting *Access Now, Inc. v. S. Fla. Stadium Corp.,* 161 F.Supp.2d 1357, 1371 (S.D.Fla.2001)).

The determination is "made on a case by case basis under the particular circumstances and factors listed in the definition of readily achievable." *Id*.

Plaintiffs bear the initial burden of proffering sufficient evidence tending to show barrier removal is readily achievable under the circumstances. *Colo. Cross,* 264 F.3d at 1002-03, 1005 (10th Cir. 2001). "Plaintiffs must consider the factors identified in § 12181(9) and proffer evidence, including expert testimony, as to the ease and inexpensiveness of their proposed method of barrier removal." *Id.* at 1005.

Once a plaintiff proffers such evidence, thereby making out a prima facie case of discrimination, the burden shifts to the defendant to show that barrier removal is not readily achievable. *Id.* at 1002-03, 1005.

Lucio's evidence is insufficient to warrant summary judgment. Lucio's expert, Savannah Moore, estimated it would cost $4,050.00 to remedy all identified violations. (ECF No. 16 at 19). Additionally, Lucio offered evidence that, in 2021, Seven Lakes grossed $55,434.00 in profits. (ECF No. 16-3 at PageID 112). Based on Moore's estimate and Seven Lakes' 2021 gross profits, Lucio argues that "less than $5,000 to make the property compliant is certainly readily achievable." (ECF No. 16 at 19).

Poula's counter-argument is simple but unsupported. Poula claims that "a material dispute of fact remains as to whether Poula's resources are sufficient to remedy the alleged violations of the 2010 standards…" (ECF No. 18 at 24).

Whether the removal of barriers at Seven Lakes is readily achievable is a question of fact. If Moore's estimate is correct, then an injunction would require Seven Lakes to spend almost ten percent of its annual gross revenue on ADA accommodations. It would be reasonable for a jury

to find such a large financial obstacle is, or is not, readily achievable. Therefore, summary judgment on the issue of ADA liability is inappropriate.

In sum, the Court finds: 1) the 2010 Standards for ADA compliance apply to the case; 2) Lucio has offered unopposed evidence that, under the 2010 ADAAG, architectural barriers exist at Seven Lakes; and 3) that a question of fact exists whether Poula is liable for discrimination under the ADA because a reasonable jury could find the cost to remove the architectural barriers at Seven Lakes is, or is not, readily achievable.

## CONCLUSION

In conclusion, **IT IS SO ORDERED** that each party's motion for summary judgment is **DENIED**. With respect to Poula's Motion, the Court holds that Lucio is disabled under the ADA and that she has produced sufficient evidence that she suffered an "injury in fact" to reserve the issue of standing for trial. With respect to Lucio's Motion, the Court holds there exists a triable issue of fact whether removal of architectural barriers at Seven Lakes is readily achievable.

**IT IS SO ORDERED.**

                                        s/Sean F. Cox
                                        Sean F. Cox
                                        United States District Judge

Dated: March 28, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 28, 2023, by electronic and/or ordinary mail.

                                        s/Jennifer McCoy
                                        Case Manager